IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAURAV SHARMA, DIANE YOUNG, JAIME STIEVE, and GEORGE DEAN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISIONWORKS OF AMERICA, INC.,<br><br>Defendant. | Case No.: 5:24-cv-00206-FB<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** |

## I.   INTRODUCTION

Plaintiffs respectfully submit this response pursuant to the Court's Order to Show Cause dated November 10, 2025 (ECF No. 34), directing Plaintiffs to demonstrate why this case should not be dismissed for want of prosecution and closed. This filing is being submitted two days late due to an oversight by Plaintiffs' undersigned local counsel, which is explained in the accompanying Declaration of Patrick Yarborough, filed herewith as **Exhibit A**.[1]

As explained below, following entry of the stay, the parties have engaged in sustained efforts to resolve this dispute, culminating in a mediation now scheduled for December 18, 2025. Plaintiffs respectfully request that the Court allow the case to remain on the docket, or alternatively continue the stay pending the outcome of that mediation.

## II.   PROCEDURAL HISTORY AND BACKGROUND

On November 18, 2024, the Court entered an order administratively closing and staying the case in light of Defendant's then-pending motions to compel arbitration and to dismiss (ECF

---

[1] Aside from this sentence, the rest of this Response has been reviewed and approved by counsel for Defendant in this case, Visionworks of America, Inc.

1

No. 31; see ECF Nos. 13–14). In the time since, the parties have remained actively engaged in discussions intended to facilitate resolution without further litigation.

Specifically, Plaintiffs and Defendant exchanged several rounds of correspondence and held ongoing meet-and-confer sessions regarding data relevant to Plaintiffs' client list and the nature of Defendant's Pixel implementation. Plaintiffs provided records for 254 individuals, and Defendant undertook a review of its internal data to determine the extent of overlap. The parties also discussed and attempted to operationalize the informal pre-arbitration processes contemplated by Defendant's Terms of Use.

Defendant's discussions with Plaintiff have referenced a related and similar case filed in the Northern District of Texas, against Visionworks' sister company Eyemart Express, LLC. That case is styled *Rand v. Eyemart Express*, LLC, Cause No. 24-cv-00621-N. In *Rand v. Eyemart* case, the Court granted Defendant Eyemart Express' Motion to Dismiss, which is similar to the one filed in this case. Plaintiffs in that case (the "Rand Plaintiffs") have appealed the dismissal to the Fifth Circuit Court of Appeals, and that appeal is currently pending. The Parties in this case have had extensive discussions about either staying the instant case pending the appeal of the *Rand v. Eyemart* case or going to Mediation to try and resolve this case.

These cooperative efforts ultimately led to an agreement to pursue mediation. The parties jointly selected Don Philbin to serve as mediator and worked to identify a mutually acceptable date. Mediation has now been scheduled for **December 18, 2025**.

III.     **REQUEST TO MAINTAIN CASE STATUS PENDING MEDIATION**

Plaintiffs respectfully submit that these efforts reflect continued and good-faith prosecution of the case consistent with the spirit of the stay. Although no formal pleadings have been filed since the stay, Plaintiffs have remained in active dialogue with defense counsel and have taken

concrete steps to advance resolution. Notably, the scheduled mediation represents a culmination of those efforts and may obviate the need for further litigation.

Plaintiffs further note that the pace of negotiations has been mutual. The information-gathering process required input from both sides, and the scheduling of mediation required coordinating the availability of multiple parties, counsel, and the mediator. Plaintiffs have communicated with defense counsel regarding this filing and defense counsel agrees with this description of the procedural history of the Parties' settlement discussions.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court decline to dismiss this action for want of prosecution and permit the case to remain administratively closed through the conclusion of the December 18, 2025 mediation. Plaintiffs will notify the Court promptly of the outcome of the mediation and propose any next procedural steps.

Dated: November 26, 2025

| | |
|---|---|
| **LEVI & KORSINSKY, LLP** | **FOSTER YARBOROUGH PLLC** |
| Mark S. Reich* <br> Gary S. Ishimoto** <br> **LEVI & KORSINSKY, LLP** <br> 33 Whitehall Street, 27th Floor <br> New York, NY 10004 <br> Telephone: (212) 363-7500 <br> Facsimile: (212) 363-7171 <br> Email: mreich@zlk.com | By: */s/ Patrick Yarborough* <br> Patrick Yarborough <br> Jeffrey Lucas Ott <br> 440 Louisiana Street, Suite 1800 <br> Houston, TX 77002 <br> Telephone: (713) 331-5254 <br> Facsimile: (713) 513-5202 <br> Email: patrick@fosteryarborough.com <br> Email: luke@fosteryarborough.com <br><br> Email: gishimoto@zlk.com <br><br> *Counsel for Plaintiff* <br><br> **pro hac vice* forthcoming <br> ***admitted pro hac vice on June 20, 2024 |

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 26, 2025.

                                      By: */s/ Patrick Yarborough*
                                          Patrick Yarborough